IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NATHANIEL TUMBWE**, #08095566, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-1658-L** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Dept. of Criminal Justice, Correctional** | § | |
| **Institutions Division**, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER AND OPINION**

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed November 30, 2010. Petitioner Nathaniel Tumbwe ("Petitioner" or "Tumbwe") did not file any objections.

The magistrate judge concluded that the petition should be dismissed without prejudice due to Petitioner's failure to exhaust his state remedies. The magistrate judge reasoned that a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993). Here, Petitioner's appeal is pending review, and, thus, the Texas Court of Criminal Appeals has not had the opportunity to review the claims raised in his federal petition. Consequently, the magistrate judge recommended that this court dismiss the petition, without prejudice, for the failure to exhaust his state court remedies.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The

magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses without prejudice** the writ of habeas corpus as barred by Petitioner's failure to exhaust his state court remedies.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 21st day of December, 2010.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.